LECLAIRRYAN
*A Virginia Professional Corporation*
James P. Anelli, Esq.
Robert M. Pettigrew, Esq.
One Riverfront Plaza
1037 Raymond Boulevard, Sixteenth Floor
Newark, New Jersey 07102
(973) 491-3376
Attorneys for Defendant Unilever United States, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o S.G. and J.G., <br><br> Plaintiff(s), <br><br> v. <br><br> UNILEVER; ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br><br> Defendant(s). | CIVIL ACTION NO. 13-cv-01559-SDW-MCA <br><br><br> **ANSWER AND DEFENSES TO THE COMPLAINT** |

Defendant, Unilever United States, Inc. (hereafter "Defendant"), by and for its answer to the Complaint, states as follows:

**THE PARTIES**

1. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint and leaves Plaintiff to its proofs. To the extent an answer is required, Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits that it is headquartered at 800 Sylvan Avenue, Englewood Cliffs, New Jersey and denies the remaining allegations contained in paragraph 2 of the

Complaint.

3. Defendant admits that it conducts business in each county of New Jersey. No answer is required to the remaining allegations contained in paragraph 3 of the Complaint which state legal conclusions, rather than factual assertions.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint and leaves Plaintiff to its proofs. To the extent an answer is required, Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint and leaves Plaintiff to its proofs. To the extent an answer is required, Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. No answer is required to the allegations contained in paragraph 7 of the Complaint which state legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in paragraph 7 of the Complaint.

**SUBSTANTIVE ALLEGATIONS**

8. Defendant denies that it administers healthcare insurance plans and admits the remaining allegations set forth in paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 9 of the Complaint and leaves Plaintiff to its proofs. To the extent an answer is required, Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint and leaves Plaintiff to its proofs. To the extent an answer is required, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies agreeing to directly compensate Plaintiff for its UCR fee for services provided. Defendant denies knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 11 of the Complaint and leaves Plaintiff to its proofs. To the extent an answer is required, Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint and leaves Plaintiff to its proofs. To the extent an answer is required, Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint and leaves Plaintiff to its proofs. To the extent an answer is required, Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 14 of the Complaint and leaves Plaintiff to its proofs. To the extent an answer is required, Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 15 of the Complaint and leaves Plaintiff to its proofs. To the

extent an answer is required, Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint and leaves Plaintiff to its proofs. To the extent an answer is required, Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 18 of the Complaint and leaves Plaintiff to its proofs. To the extent an answer is required, Defendant denies the allegations contained in paragraph 18 of the Complaint.

## FIRST COUNT
## (Violation of ERISA)

19. Defendant repeats all of its responses to the foregoing paragraphs of the Complaint as if fully set forth herein.

20. No answer is required to the allegations contained in paragraph 20 of the Complaint which state legal conclusions, rather than factual assertions.

21. Defendant denies that it administers and/or operates the referenced health insurance coverage and admits the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. No answer is required to the allegations contained in paragraph 23 of the Complaint which state legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. No answer is required to the allegations contained in paragraph 24 of the Complaint which state legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 25 of the Complaint and leaves Plaintiff to its proofs. To the extent an answer is required, Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. No answer is required to the allegations contained in paragraph 27 of the Complaint which state legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. No answer is required to the allegations contained in paragraph 31 of the Complaint which state legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

## SECOND COUNT
### (ERISA-Breach of Fiduciary Duty)

33. Defendant repeats all of its responses to the foregoing paragraphs of the Complaint as if fully set forth herein.

34. No answer is required to the allegations contained in paragraph 34 of the Complaint which state legal conclusions, rather than factual assertions. To the extent an answer

is required, Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. No answer is required to the allegations contained in paragraph 35 of the Complaint which state legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. No answer is required to the allegations contained in paragraph 36 of the Complaint which state legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. No answer is required to the allegations contained in paragraph 37 of the Complaint which state legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

## THIRD COUNT
### (Negligent Misrepresentation)

40. Defendant repeats all of its responses to the foregoing paragraphs of the Complaint as if fully set forth herein.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. No answer is required to the allegations contained in paragraph 43 of the Complaint which state legal conclusions, rather than factual assertions. To the extent an answer is required, Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. No answer is required to the allegations contained in paragraph 44 of the Complaint which state legal conclusions, rather than factual assertions. To the extent an answer

is required, Defendant denies the allegations contained in paragraph 44 of the Complaint.

## FOURTH COUNT

45. Defendant repeats all of its responses to the foregoing paragraphs of the Complaint as if fully set forth herein.

46. Defendant denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 46 of the Complaint and leaves Plaintiff to its proofs. To the extent an answer is required, Defendant denies the allegations contained in paragraph 46 of the Complaint.

## SEPARATE DEFENSES

### AS AND FOR A FIRST SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failing to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of laches.

### AS AND FOR A FOURTH SEPARATE DEFENSE

Plaintiff lacks standing to maintain the instant action.

### AS AND FOR A FIFTH SEPARATE DEFENSE

There has been no valid assignment of the Plan Participants' rights referenced in the Complaint.

### AS AND FOR A SIXTH SEPARATE DEFENSE

Plaintiff has failed to exhaust its administrative remedies.

### AS AND FOR A SEVENTH SEPARATE DEFENSE

Plaintiff is barred from balance-billing Defendant's Plan Participants.

### AS AND FOR AN EIGHTH SEPARATE DEFENSE

There is nothing due to Plaintiff under the terms of the Plan.

### AS AND FOR A NINTH SEPARATE DEFENSE

Plaintiff is estopped from seeking any recovery of its unpaid claims.

### AS AND FOR A TENTH SEPARATE DEFENSE

The doctrine of accord and satisfaction applies to Plaintiff's acceptance of payment from Defendant in full satisfaction of all of its claims.

### AS AND FOR AN ELEVENTH SEPARATE DEFENSE

Plaintiff's common law claims are preempted, in whole or in part, by the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq., and specifically by 29 U.S.C. §1114(a).

### AS AND FOR A TWELFTH SEPARATE DEFENSE

Plaintiff's demand for a jury trial is barred by the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq.

### AS AND FOR A THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims should be dismissed because Defendant was not a party to any contract with Plaintiff, and as such, lacked contractual responsibilities to Plaintiff.

Defendant reserves the right to offer additional defenses and/or amend its Answer at the completion of or during the discovery process.

WHEREFORE, Defendant respectfully requests this Court:

a. Enter judgment against Plaintiff dismissing the case in its entirety, with prejudice,

without costs or attorneys fees;

      b.    Deny each and every demand, claim and prayer for relief contained in the complaint;

      c.    Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

      d.    Grant such other and further relief as the Court may deem just and proper.

                        Respectfully submitted,

                        **LeClairRyan**
                        Attorneys for Defendant

                  By:  /s/ James P. Anelli
                        JAMES P. ANELLI

Dated: April 3, 2013